# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 12-20651

Lyle W. Cayce
Clerk

EDWARD HALL; LARRY DELEON; CHARLES HENDERSON;
BRENDA BENNETT,

Plaintiffs–Appellants,

versus

EL DORADO CHEMICAL COMPANY, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2528

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs sued under various common-law theories, seeking damages from the accidental discharge of smoke and noxious gas resulting from a plant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20651

fire. Plaintiffs sought compensation for having to evacuate their nearby houses and businesses, for the loss of and use of their houses and businesses, and for inconvenience, annoyance, lost earnings , and economic loss from business closures, plus exemplary damages. The district court adopted the thorough Memorandum and Recommendation of the magistrate judge and dismissed the action.

Regarding the negligence claim, the magistrate judge reasoned, in summary, "that Plaintiffs may not recover for annoyance and inconvenience without some physical injury and that the economic loss rule negates the existence of a duty on the part of Defendant to prevent Plaintiffs' remaining damages." Also, "Defendant's alleged negligent conduct is not comparable to any category for which recovery has been allowed by any Texas court." Further, "[i]n the absence of contractual privity and physical damage, the economic loss rule applies, and Plaintiffs are thus precluded from recovering their alleged economic damages."

We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the arguments of counsel. The judgment of dismissal is fully consistent with current Texas law and is thus AFFIRMED, essentially for the reasons carefully explained by the magistrate judge.